IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAFAEL FERMIN, : | |
| : | |
| Plaintiff : | |
| : | CIVIL NO. 1:CV-15-0902 |
| vs. : | |
| : | (Judge Caldwell) |
| YORK COUNTY JUDGE JOHN : | |
| CHRONISTER, *et al.*, : | |
| : | |
| Defendants : | |

*M E M O R A N D U M*

I.   *Introduction*

The pro se plaintiff, Rafael Fermin, an inmate at the Fayette State Correctional Institution in LaBelle, Pennsylvania, filed this action pursuant to 42 U.S.C. § 1983.  Named as defendants are:  Judge John Chronister of the York County Court of Common Pleas; John E. Wetzel, Secretary of the Pennsylvania Department of Corrections; and C. Hoffman, Parole Technician with the Pennsylvania Board of Probation.

Fermin seeks permission to proceed *in forma pauperis.*  The Complaint is before the court for preliminary screening pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B).  For the reasons that follow we will grant Fermin's motion to proceed *in forma pauperis* but dismiss the Complaint due to Fermin's failure to state a claim for which relief may be granted against any of the named defendants.  However, Fermin will be granted the opportunity to file an amended complaint.

II.  *Standard of Review*

A federal court may dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A if "the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). "The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *See Davis v. Samuels*, No. 14-4162, 2015 WL 1412097, *2 (3d Cir. 2015)(citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010)(quoted case omitted).

A complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). Nonetheless, a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

A complaint filed by a pro se plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184 (3d Cir. 2015)(citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007).  Nonetheless, the complaint still "must contain allegations permitting 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Jackson v. Div. of Developmental Disabilities*, 394 F. App'x 950, 951 n.3 (3d Cir. 2010)(per curiam) (nonprecedential)(quoted case omitted).  Pro se litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014).

III.   *Background*

Fermin's entire Statement of Claim is set forth below.

Unlawful restraint, cruel and unusual punishment, illegal incarceration, false imprisonment, official oppression, ethnic intimidation, racial discrimination, there's a lack of subject matter

-3-

> jurisdiction and [he is] being held in custody illegally – [his] constitutional rights and equal protection is being violated.
>
> All three defendants are violating constitutional law and criminal law of Pennsylvania and the United States Constitution.

(Doc. 1, Compl., ECF pp. 2-3). As relief, Fermin seeks his release from custody and a temporary restraining order for unspecified injunctive relief. Plaintiff also seeks monetary damages.

IV. *Discussion*

    A. *Civil-Rights Claims*

To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). To establish personal liability against a defendant in a section 1983 action, an individual government defendant must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207(3d Cir. 1988)).

Here, although Fermin asserts in a conclusory fashion that his various constitutional rights have been violated, he does not provide any factual allegations to support these alleged violations. Also, aside from naming the defendants as parties to

the action, Fermin fails to allege the personal involvement of any of the defendants in his alleged mistreatment. Accordingly, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. *Habeas Relief*

Fermin also requests his release from prison. The court cannot grant that relief in a civil-rights action. Plaintiff must instead seek relief by way of a petition under 28 U.S.C. § 2254. *See Walke v. Cullen*, 491 F. App'x 273, 276 n.3 (3d Cir. 2012)(nonprecedential). We note that Fermin has recently filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See Fermin v. Coleman*, 1:15-cv-0907 (M.D. Pa.). Accordingly, this portion of Fermin's complaint will be dismissed without leave to amend.

### C. *Leave to Amend*

Fermin will be granted twenty-one days to file an amended complaint. If Fermin decides to file an amended complaint, he is advised that it must contain the same docket number as the instant action and should be labeled "Amended Complaint." In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). In particular, Fermin is advised that any amended complaint he may file supersedes the

original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1.  Consequently, all causes of action alleged in the original complaint which are not alleged in an amended complaint will be waived.

Fermin is also advised that his amended complaint must be concise and direct.  *See* Fed. R. Civ. P. 8(d).  Each allegation must be set forth in individually numbered paragraphs in short, concise and simple statements.  *Id.*  The allegations should be sufficiently specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49, 173 L.Ed.2d 868 (2009).  He shall also specify the relief he seeks with regard to each claim.  Fermin's failure to file an appropriate amended complaint within the required time will result in the dismissal of this action.  Finally, Fermin is cautioned that his amended complaint, if handwritten, must be legible.

We will issue an appropriate order.

/s/ William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: June 1, 2015