IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAFAEL FERMIN,

    Plaintiff

  vs.

YORK COUNTY JUDGE JOHN
CHRONISTER, *et al.*,

    Defendants

CIVIL NO. 1:CV-15-0902

(Judge Caldwell)

*M E M O R A N D U M*

I. *Introduction*

    In his Amended Complaint, the pro se plaintiff, Rafael Fermin, an inmate at the Fayette State Correctional Institution in LaBelle, Pennsylvania, again challenges the legality of his continued incarceration and seeks not only his release from prison but the cessation of "all verbal and mental, emotional, psychological abuse and racial prejudice," along with any violations of his due process rights by prison officials. (Doc. 10, Am. Compl.) He does not request monetary damages. Named as defendants are: Judge John Chronister of the York County Court of Common Pleas; John E. Wetzel, Secretary of the Pennsylvania Department of Corrections; and C. Hoffman, Parole Technician with the Pennsylvania Board of Probation and Parole.

    For the reasons that follow, the Amended Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without leave to amend, as any further amendment would be futile.

II.  *Standard of Review*

As with his original Complaint, the court is required to screen Fermin's Amended Complaint because he seeks relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

"The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure."  *See Davis v. Samuels*, No. 14-4162, 2015 WL 1412097, *2 (3d Cir. 2015)(citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).  Under Rule 12(b)(6), we must "take as true all the factual allegations of the [complaint] and the reasonable inferences that can be drawn from them, but we disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements."  *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quotation marks omitted and citation omitted).

"The test in reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) is whether, under any 'plausible' reading of the pleadings, the plaintiff would be entitled to relief."  *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764 (3d Cir. 2013)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974,

167 L.Ed.2d 929 (2007)).  To satisfy this standard, a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964.  Nonetheless, a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. at 1974.  "The plausability standard is not akin to a 'probabililty requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965).  "[L]abels and conclusions" are not enough, *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

   A complaint filed by a pro se plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184 (3d Cir. 2015)(citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007).  Nonetheless, the complaint still "must contain allegations permitting 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Jackson v. Div. of Developmental Disabilities*, 394 F. App'x 950, 951 n.3 (3d Cir. 2010)(per curiam) (nonprecedential)(quoted case omitted).  Pro se litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable

or futile.  *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014).

III.  *Background*

In the order dismissing Fermin's original Complaint, Plaintiff was clearly advised of the deficiencies of his claims.  *See* Doc. 8.  Fermin was advised that he failed to allege the personal involvement of each of the named defendants in his Complaint and that he could not seek his release from jail in a civil-rights action.  (*Id.*, ECF pp. 4-5).  Although we dismissed the Complaint for failure to state a claim, because Fermin might have been able to cure the deficiencies in the complaint by filing an amended one, he was given leave to do so.  Fermin's Amended Complaint (Docs. 10 and 11) is presently before the court.

> Fermin generally asserts that all three defendants
>
> are responsible for detaining [him] past [his] expired court ordered judgment and therefore all committed unlawful imprisonment, unlawful restraint, false imprisonment by keeping [him] in prison custody after [the] expired maximum sentence and neither one is doing anything about it. [His] judgment of [his] maximum sentence expired 15 years ago back in 2000: and [he] is still being held in the Pennsylvania State custody.

(Doc. 11, ECF p. 3).   He also asserts that he is subject to unspecified acts of racial and ethnic intimidation by unidentified prison officials.  As relief, he asks that prison officials stop their intimidation of him and seeks an order "to make prison officials release [him] from their illegal custody."  (Doc. 10, ECF p. 3).

IV.   *Discussion*

    A.   *Civil-Rights Claims*

To successfully state a § 1983 claim, a plaintiff must allege: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct complained of deprived the plaintiff of rights, privileges, or immunities secured by the laws or the Constitution of the United States.  *Rehberg v. Paulk*, ___ U.S. ___, ___, 132 S.Ct. 1497, 1501, 182 L.Ed.2d 593 (2012); *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011).

To establish liability for the deprivation of a constitutional right, an individual government defendant must have personal involvement in the alleged wrongs; liability cannot be predicated based on the unconstitutional conduct of their subordinates under a theory of *respondeat superior.*  *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948; *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).  "It is uncontested that a government official is liable only for his or her own conduct and accordingly must have had some sort of personal involvement in the alleged unconstitutional conduct."  *Argueta v. U.S. I.C.E.*, 643 F.3d 60, 71-72 (3d Cir. 2011).  This personal involvement can be shown where a defendant personally directs the wrongs, or has actual knowledge of the wrongs and acquiesces in them.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)(noting that "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge

of and acquiesced in his subordinates' violations"). A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201-202 (3d Cir. 2000).

In his Amended Complaint, Fermin claims unidentified prison officials are subjecting him to racial discrimination and ethnic intimidation. Although Fermin was advised by the court in our order screening his initial complaint to name the individuals who have allegedly violated his constitutional rights, and what action each individual took that violated his constitutional rights (Doc. 8), Fermin does not identify who is responsible for the racial and ethnic intimidation or support his conclusory statements of discrimination with any supporting facts. More importantly, he does not allege any of the three named defendants actively participated in such behavior. Accordingly, the Amended Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

     B.    *Habeas Relief*

In his Amended Complaint Fermin also seeks his release from prison, claiming that his sentence expired in 2000. Fermin was previously advised when we screened his original complaint that this type of relief is only provided via a writ of habeas corpus under 28 U.S.C. § 2254, and not through § 1983. *See* Doc. 8; *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973); *Walke v. Cullen*, 491 F. App'x 273, 276 n. 3 (3d Cir. 2012) (nonprecedential). In May 2015, Fermin filed a petition for writ of habeas corpus raising the same claim as presented in his

present § 1983 action.  *See Fermin v. Coleman*, 1:15-cv-0907 (M.D. Pa.).  Accordingly, this portion of Fermin's complaint is also subject to dismissal.

V.     Conclusion

For the reasons set forth above, Fermin's Amended Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Further, because Fermin was given an opportunity to cure the deficiencies in his original Complaint but failed to do in his Amended Complaint, the court will not allow further amendment, believing it to be futile.  *Shelley v. Patrick*, 481 F. App'x 34, 36 (3d Cir. 2012)(nonprecedential).

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: June 17, 2015